In re Petition of William C. Howard, *Ex. et al.* for an

· Opinion.

March 2, 1932.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a petition by William C. Howard, individually and as executor under the will of Burrill H. Davis, deceased, late of North Kingstown, Washington County, in this State, and by Grace C. Huling, through her father and next friend, Clarence D. Huling, for an opinion of the court pursuant to Section 20, Chapter 339, General Laws 1923. They concur in stating that they are all the parties interested under the will of said Davis and that they have adversary interests in certain questions upon the construction of the fourteenth paragraph of said will, which is as follows: "I give and bequeath to my brother John's great granddaughter, Grace C. Huling, all the rest and residue of my estate both real and personal of which I shall die seized and possessed of and wherever situated, whether it be acquired before or after the execution of this Will, to her, her heirs and assigns forever, to be given in the following manner: if my decease shall occur before she shall have arrived at the age of twenty-one years the income from all bank deposits, bonds, stocks, notes, rents or otherwise shall be paid to her until that time when she shall come in full possession thereof."

The questions upon which an opinion is asked are: (a) Is Grace C. Huling seized in fee simple of an undivided one-half interest in the legal title to the real estate described in Paragraph 4 of the petition? (b) Is the real estate devised in trust to an unnamed trustee until Grace C. Huling attains her majority and becomes *sui juris*? (c) Shall William C. Howard, the executor, pay over to Clar-

ence D. Huling, as guardian of the person and estate of Grace C. Huling, the balance of the principal in his hands as executor? (d) Shall William C. Howard, as executor, pay over the income of said real and personal property to said Clarence D. Huling, guardian of the person and estate of Grace C. Huling?

The testator by the fourteenth paragraph of his will has, in language customarily used, given in fee to his brother's great granddaughter, Grace C. Huling, the residue of his property, real and personal. Since his interest in the real estate described in said will was not specifically disposed of to another beneficiary, it is a portion of the residue, and Grace C. Huling is seized of the same in fee simple. We see no basis for the contention that such real estate was devised in trust. Had a trust been intended, a trustee would undoubtedly have been named and his powers and duties set forth.

The language used in the first portion of said fourteenth paragraph clearly and unequivocally gives to Grace C. Huling the title to said property in fee simple. "Where property is given in clear language sufficient to convey an absolute fee, the interest thus given shall not be taken away or diminished by any subsequent vague or general expressions in the will." 40 Cyc. 1586. See also *R. I. Hospital Trust Co.* v. *City of Woonsocket*, 48 R. I. 345; *Cahill* v. *Tanner*, 43 R. I. 403; *In re Will of Kimball*, 20 R. I. 619; *Fanning* v. *Main*, 77 Conn. 94; 28 R. C. L. pp. 241, 242. The language of the concluding portion of said paragraph —"if my decease shall occur before she shall have arrived at the age of twenty-one years the income . . . shall be paid to her until that time when she shall come in full possession thereof"—under which paragraph have arisen the questions above propounded, indicates that the testator, knowing that a person under twenty-one years of age is under a legal disability regarding the conveyance of property, desired that the beneficiary should not be deprived of the income thereof during her minority. "A cardinal rule

to be observed in the construction of wills is that the intention of the testator, in so far as it can be definitely ascertained, must govern." *Cook for an Opinion*, 30 R. I. at 502. As the language in the concluding portion of said fourteenth paragraph shows no intention on the part of the testator to deprive said beneficiary of full and complete ownership in the property, the fee to the same is in her. Therefore, in answer to questions (a) and (b), it is our opinion that Grace C. Huling is seized in fee simple of the interest of Burrill H. Davis in the real estate described in Paragraph 4 of the petition and that said real estate was not devised in trust to an unnamed trustee.

As the personal property referred to in questions (c) and (d) is devised in the same clause as the real estate, we find that it was the intention of the testator to leave the same to Grace C. Huling, subject to no trust. Therefore, in our opinion the executor, William C. Howard, shall pay over to Clarence D. Huling, guardian of Grace C. Huling, the balance of the principal and income in his hands. Questions (c) and (d) are answered in the affirmative.

A decree for entry may be presented in accordance with this opinion.

*Adolph Gorman*, for Howard, Ex.
*Claude C. Ball*, for Huling, Guardian.

